MATILDE RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 982. Submitted November 20, 1936.—Decided April 23, 1937.

*E. Báez García* for appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

On August 21, 1936, Eulalio Quiñones Rivera and wife sold a lot to Matilde Rodríguez, the petitioner herein, for the sum of $925.00. As the property was subject to a mortgage for $260.00, the mortgage creditor was made a party to the deed of sale and accepted payment of his loan from the pur-

chaser. The deed contained the ordinary clauses of such a transaction and, in addition, the following:

"*Third:* And because it has been so agreed, Eulalio Quiñones Rivera, with the express consent of his wife, Mercedes López González, hereby sells the farm described in the first paragraph of this deed, to Matilde Rodríguez, transferring title and possession of the same, with all the uses and rights inherent thereto, without reservation. This sale includes the right of Homestead which the vendors have or may have in the farm so that the purchaser may enjoy the same as sole and legitimate owner."

The purchaser sought to record her title in the Registry of Property but the registrar refused to record the clause recited above, on the ground that it was contrary to the provisions of the Homestead Act. (Act No. 87, approved May 13, 1936, Laws of 1936, p. 460.) The note of the registrar reads:

"Record is made of the sale and cancellation is effected of the mortgage to which the preceding document refers, which is deed number one hundred and seventy executed in Mayagüez, on the 21st of October of this year, before Notary Public Enrique Báez García, but observing that in such deed it is agreed to include in the purchase price the right of Homestead which the vendors have or may have in the farm sold, I deny the record applied for concerning the agreement relative to the right of homestead because it is null under the law provided therefor, and I enter a cautionary notice in its stead for the legal term in favor of the purchaser, all of which appears at folio 201 of volume 205 of this city, property number 7203, third inscription. Record is made of said farm partly in fee and partly in possession and burdened with an attachment in favor of the People of Puerto Rico for $20.28 for taxes and $2.39 for interest. Mayagüez, October 8, 1936."

It is apparent from this note that the registrar is relying for his action on the last sentence of section 1 of the Homestead Act, *supra.* That sentence states:

"Section 1 . . . . This right of homestead is unrenounceable and any pact to the contrary is declared null."

The question to decide in this administrative appeal is whether a sale of real property wherein it is expressed that the right of homestead is included in the purchase price, constitutes a pact contrary to the provision of law above quoted. In our opinion it does not.

The fact that the right of homestead is unrenounceable does not mean that after created and actually existing it may not, when it is to the benefit of the person owning the right, be sold, exchanged, or be subject to other possible incidents of ownership.

Where a person has the total ownership of a piece of property and sells it, intending therewith to alienate or dispose of his entire title and interest, the right of homestead becomes necessarily merged in the greater right of ownership. *In praesentia majoris cessat potentia minoris.*

A different interpretation would, where the whole property is worth less than $500, put an obstacle to the freedom of alienation and might therefore give rise to a constitutional question.

Therefore, the note should be reversed and the record that was refused made.